WESTERN UNION TELEGRAPH COMPANY V. J. C. JONES.

No. 6844.

81   271
85   585

1.  **Telegraphic Dispatch — Agency.**—A telegram—"Whitesboro, Texas, May 10, 1886.—To J. C. Jones, Brownwood, Texas:  Mother is not expected to live but a short time.  G. F. Jones"—on its face shows that it was made for the benefit of J. C. Jones, the party addressed; and he had a right of action against the telegraph company for negligence in the transmission of the message.

2.  **Agency—Immaterial Issue.**—Touching such message, in suit by the addressee against the telegraph company for negligence in its transmission it was immaterial that the issue of agency of the sender for the plaintiff was submitted.  But if material see facts held sufficient to show such agency.

3.  **Liability of Telegraph Company Beyond Its Own Lines.**—In a suit against the telegraph company to which a message had been delivered to be sent beyond its lines, there being testimony that the company had an office and transacted business at the place of destination, a verdict against the defendant for liability for failure to deliver the message will not be set aside.

4.  **Same.**—A telegraph company will not be liable for the negligence of a connecting line from the mere fact of taking a message to be sent upon such line, such liability being negatived upon the printed blank used.

APPEAL from Grayson.   Tried below before Hon. H. O. Head.

This is an appeal by the Western Union Telegraph Company from a judgment for $1292 for failure to deliver a message delivered at its office at Whitesboro, Texas, for transmission to Brownwood.

*Stemmons & Field*, for appellant.—1. For breach of a contract only such damages can be recovered as were in contemplation of the parties to the contract, and an undisclosed principal could not recover an amount for breach of that contract greater than the agent or party making the contract could.

2.  The message having been written on one of appellant's printed blanks and signed by George F. Jones, said blank containing this proviso, "and this company is hereby made the agent of the sender, without liability, to forward any message over the lines of any other company to reach its destination," that constituted a part of the contract between the parties; and it was error in the court to impose on the appellant a liability greater than that assumed by it under its said contract.   Squire v. Telegraph Co., 98 Mass., 232; Gray's Com. by Tel., secs. 60, 57, 33; Telegraph Co. v. Carew, 15 Mich., 525.

3.  There was no evidence sufficient to support the verdict as to appellant's liability over the connecting lines.

*J. W. Finley* and *C. H. Smith*, for appellee, cited Loper v. Telegraph Co., 70 Texas, 689; Railway v. Wilson, 69 Texas, 739; Stuart v. Telegraph Co., 66 Texas, 580; Story on Agency, secs. 248, 445; Cullers & Henry v. Moore, 1 Ct. App. C. C., sec. 179; Sydnor v. Hurd, 8 Texas, 98; Bige. on Estop., 484.

TARLTON, JUDGE, *Section B.*—Appellee J. C. Jones brought this suit in the District Court of Grayson County to recover from the Western Union Telegraph Company, appellant, damages for the breach of its contract made by his brother G. F. Jones, for the benefit of appellee, and as his agent, with the appellant, at Whitesboro, Texas, on May 10, 1886. The plaintiff's petition alleges that the defendant undertook in consideration of 50 cents then paid to it to speedily and correctly transmit and deliver to plaintiff the following messsage:

"WHITESBORO, TEXAS, May 10, 1886.

"*To J. C. Jones, care of McDonald & Jones, Contractors and Builders, Brownwood, Texas:*

"Mother is not expected to live but a short time.

"G. F. JONES."

That a reasonable time for the transmission and delivery of the message to plaintiff (who lived and had a place of business in Brownwood and within the delivery limits) was one hour, but that by the gross negligence of defendant the message did not reach Brownwood until more than twenty-four hours after it had been received for transmission, and that on account of the failure of defendant to seek plaintiff at his residence or place of business the message was not delivered to appellee until May 17, 1886, when, before appellee could act upon it, he telegraphed to one Harper at Whitesboro, near which place his mother lived, as to her condition, and after telegraphing a second time (the first dispatch on account of the negligence of defendant not having been delivered) he received a telegram from Harper on the evening of May 19 informing plaintiff that his mother died May 12 and was buried May 13, 1886; that if the message had been promptly transmitted and delivered he could have been present at his mother's death and burial; that he was thus by the gross negligence of defendant deprived of the companionship of his mother in her last moments, and has suffered great mental anxiety. The damages sought to be recovered are $2 expended for messages, $5 for loss of time, and $15,000 because of the deprivation stated.

The answer of the defendant, in so far as it is the basis for the assignments of error herein, consists in: (1) General denial. (2) A plea that its lines of telegraph did not extend to Brownwood, but terminated at Austin, Texas; that from Austin the telegram would be conveyed over the line of the Erie Telegraph and Telephone Company to Brownwood, a line of telegraph then owned and operated by a company other than the appellant, and over which the appellant had no control, management, or connection, and that under the contract by which it accepted the message it was only bound to correctly and expeditiously transmit the message from Whitesboro to Austin, and there deliver it as the agent of the sender to the Erie Telegraph and Telephone Com-

pany, to be transmitted by this company to Brownwood and there delivered; that in compliance with its contract defendant promptly and correctly transmitted the telegram from Whitesboro to Austin and delivered it to the connecting line.

The jury returned a verdict for appellee for $1292, and from the judgment therein entered the defendant, after the overruling of a motion for a new trial, prosecutes this appeal.

In the first error assigned complaint is made that the court submitted to the jury the question as to whether George F. Jones in sending the message referred to was the agent of the appellee J. C. Jones. It is alleged that the submission of this matter was error, because there was no evidence that defendant had any notice at the time it contracted to transmit the message that George F. Jones was acting as the agent of plaintiff.

It is evident that the contract for the transmission of the telegram was made for the benefit of the appellee, and that the benefit to be by him derived from the knowledge to be communicated to him of the illness of his mother was not merely the incident but the cause of the contract. Under such circumstances a right of action exists in the beneficiary, though he is not a party to the contract. Gray's Com. by Tel., secs. 65–67; So Relle v. Telegraph Co., 55 Texas, 308; Lumber Co. v. Telegraph Co., 58 Texas, 394. It hence follows that the submission to the jury of the issue of agency could not have injured appellant, and if erroneous was harmless, since a right of action was in the plaintiff whether he was or was not the principal of the sender. We think, however, that under the evidence, granting, as appellant contends, that it was necessary before the plaintiff could maintain his suit that the sender should be his agent and that the defendant should be notified of the agency, these prerequisites were met and the court was justified in giving the charge complained of. It was both alleged and proved that George F. Jones was the agent of the plaintiff in contracting with the defendant for the transmission of the telegram. Appellant was told to deliver the message at once, and it received full compensation therefor. The intelligence that the telegram contained was urgent and important; no doubt could be entertained that it was for the benefit of the addressee. It was reasonably apparent that the person referred to was the mother of the addressee. We think that the verbiage of the message and the facts and circumstances surrounding its transmission and brought to the knowledge of the appellant notified it of the fact that the sender was acting for the benefit of the addressee, and as the agent of the latter.

In its second assignment of error the appellant complains that the court in its charge assumed it to be the duty of the defendant to deliver the message to plaintiff at Brownwood, Texas, and that such assumption was error, because (1) defendant had no line or office at Brownwood; (2) under its contract with George F. Jones defendant only con-

tracted to deliver the message to the connecting line, and then as agent of the sender George F. Jones; (3) defendant's whole duty in regard to the message was correctly, expeditiously, and faithfully performed.

As shown by the record, one of the issues of fact to be determined by the jury was the question whether the defendant had an office or line at Brownwood and operated the entire line from Whitesboro to Brownwood, or whether in its operations with reference to messages for Brownwood it confined itself to delivering them to a connecting line at Austin, viz., the Erie Telegraph and Telephone Company. This issue arose out of the conflicting allegations of the parties and the conflicting testimony of the witnesses on this point. Witnesses for the defendant testified that it had no office nor agent at Brownwood, nor interest in the line of the Erie Company which extended to Brownwood, but that messages received by the defendant for Brownwood were sent from Austin to Brownwood over a line operated exclusively by the Erie Company. Witnesses for the plaintiff, on the other hand, testified that appellant was doing business at Brownwood, receiving messages there, and thence transmitting messages on its own blanks; that its sign sent and put up under its direction was, when the message in question was sent and delivered, in front of its office at Brownwood. Evidently, with this conflict in the testimony in view, the court instructed the jury as to their duty if they should find "that the defendant was engaged in the business of sending telegraphic messages over wires operated and controlled by it from Whitesboro to Brownwood," and then proceeded with its charge as follows: "If you (the jury) believe from the evidence that the defendant did not own or operate the entire line from Whitesboro to Brownwood, but that it was necessary to deliver said message to a connecting line to reach its destination, then the defendant would not be liable for delay occurring after it had so delivered said message to such connecting line. But to hold the defendant liable it would not be necessary that it should have been the absolute owner of the wire the entire distance, for if the business was done by it through its own agents it would be liable, although it may have been done over the wire of some other company." We do not agree with the appellant that the charge contains the assumption complained of.

The remaining two assignments of error alike complain that the verdict of the jury is unsupported by the evidence, "in that it finds damages against the defendant for the default of the connecting line." As above shown, the evidence was conflicting as to whether there was a connecting line, in the sense of a line operated to the exclusion of the defendant. The charge of the court was accommodated to the opposing phases of the evidence on this issue. It embodied the proposition that the defendant would not be liable for the negligence of the connecting line, if there was one, and it tersely, fairly, and fully left to the jury the determination of the issue. The verdict of the jury, in-

volving the finding that there was no such connecting line, is not without evidence to support it, and it should not be disturbed. Montgomery v. Culton, 23 Texas, 156; Anderson v. Anderson, 23 Texas, 641; Jordan v. Brophy, 41 Texas, 284.

The judgment should be affirmed.

*Affirmed.*

Adopted June 2, 1891.