### M. E. POTTS V. WESTERN UNION TELEGRAPH COMPANY.

#### No. 3195.

1. **Liability of Telegraph Company for Negligence.**—The plaintiff telegraphed from Detroit, Texas, to Sulphur Springs, to her brother. The dispatch was, "Come at once; Mr. Potts is not expected to live," and signed, and the charge for the message paid. The message was never delivered. Mr. Potts died. Her brother did not come to her in her distress. *Held*, it not appearing that any other heir existed, she could sue for the damages, and the mental suffering caused by the neglect was a cause of action, and that the message on its face showed its importance, charging the company with notice of whatever would have been developed on inquiry.

2. **Mental Suffering a Basis for Damages.**—It is no longer an open question that a recovery can be had for mental suffering caused by the negligent failure of a telegraph company to deliver a message.

3. **Cases Adhered to.**—Railway v. Levy, 59 Texas, 542; Telegraph Company v. Broesche, 72 Texas, 654; Telegraph Company v. Simpson, 73 Texas, 422; Telegraph Company v. Adams, 75 Texas, 531; Telegraph Company v. Moore, 76 Texas, 66; Telegraph Company v. Rosentreter, 80 Texas, 406, adhered to.

APPEAL from Hopkins. Tried below before Hon. E. W. TERHUNE. The opinion states the case.

*Whittle & Son*, for appellant.—"Mental anguish may constitute an element of actual damages for which compensation may be recovered on a breach of contract, where such anguish is the direct and natural result of the breach," and that, too, when the sender of the telegram is the party who suffers the mental anguish, and when the breach arises not from the failure to transmit correctly over the wires, but from a failure through negligence to deliver the telegram after same had been properly transmitted. Railway v. Levy, 59 Texas, 642; Tel. Co. v. Simpson, 73 Texas, 422; Tel. Co. v. Feegles, 75 Texas, 537; Tel. Co. v. Moore, 76 Texas, 66.

No brief for appellee reached the Reporter.

MARR, JUDGE, *Section A.*—Mrs. M. E. Potts (now Gibbon) originally instituted this suit against the Western Union Telegraph Company to recover $5000 as damages on account of the negligent failure of the defendant to deliver a certain telegram announcing the fatal sickness of her husband, Frank Potts, now deceased. The suit was begun some time in the spring of 1888, the first amended original petition bearing the file mark as of April 12, 1888. The facts detailed below appear substantially from the second amended original petition, filed April 7, 1890. The appellant, on March 10, 1888, caused the following telegram to be delivered to the defendant for transmission (and delivery) from Detroit, Texas, to Sulphur Springs, Texas, viz.:

"*To William McCann, Sulphur Springs, Texas:*

"Come at once.    Mr. Potts is not expected to live.

[Signed]                                        "M. E. Potts."

The defendant accepted the telegram and agreed to promptly transmit and deliver it to the said addressee.

The appellant caused the charge for transmitting the message, amounting to 25 cents, to be paid at the time to the defendant, and the message was sent at her instance and for her benefit.  The addressee, William McCann, is her brother, and resided at Sulphur Springs, as did also her mother, while she and her husband (Potts) resided at Detroit, Texas, at the time.  The husband was dangerously sick at the above date, and died on the 13th day of March, 1888.  The plaintiff "was very much in need of the aid and sympathy of her said *brother*, at, before, and after the death of her said husband."  The telegram was never delivered to the brother, though he was well known in the town of Sulphur Springs.  Had it been delivered promptly, or, as it should have been, on the 10th of March, the brother would "have gone immediately to the aid of plaintiff" and been present with her "at the death of her said husband."  He did not come, because he did not receive the telegram.  On the 17th of March, having received a letter through the mail from the plaintiff, announcing the death of Mr. Potts and the fact that she had sent a message, he then went to the company's office in Sulphur Springs "and found said telegram in said office seven days after its transmission."  "By reason of her not having her said brother with her in (during) her deep distress at the death of her said husband, the plaintiff suffered *great mental anguish, disappointment, and grief,*" to her great damage, etc., all of which was the result of the defendant's gross negligence in failing to deliver said telegram as aforesaid.

To the amended petition last mentioned the defendant demurred upon the following grounds, viz.:

"1.    The petition fails to show any cause of action in the plaintiff, but shows that *the cause of action therein stated* is in favor of her deceased husband's estate.

"2.    It fails to state any fact or facts in law sufficient to recover for injury to her feelings by reason of the relationship existing between plaintiff and William McCann."

The third exception denies the right of the plaintiff to recover on account of the absence of her *mother*, because the latter is not mentioned in the telegram.

This objection is doubtless based upon some mistake or misapprehension of the contents of the petition.  As it is copied in the transcript, the plaintiff in the petition only seeks damages on account of the absence of her *brother*.  The court below, however, it seems from the

record, sustained all of the exceptions, and upon the plaintiff declining to further amend, dismissed her suit.

This action of the court is assigned by the counsel as error, and we think the assignment is well taken. The plaintiff has appealed in forma pauperis.

The first exception was most evidently untenable. The plaintiff did not sue for an "injury resulting in death," but for an injury to herself in consequence of a breach of contract made with her and for her benefit. The petition discloses no other heir or "estate of her deceased husband" than herself. The other question, as to the right to recover for mental anguish, presented by the exceptions, as we think, is no longer an open one in this State. We are of the opinion that all of the demurrers should have been overruled, and that the case should have been tried upon the issues of fact. We content ourselves with a citation of some of the authorities in support of the conclusions which we have reached: Railway v. Levy, 59 Texas, 542; Tel. Co. v. Richardson, 79 Texas, 649; Stuart v. Tel. Co., 66 Texas, 580, 586; Tel. Co. v. Moore, 76 Texas, 66; Tel. Co. v. Adams, 75 Texas, 531; Tel. Co. v. Feegles, 75 Texas, 537; Tel. Co. v. Broesche, 72 Texas, 654; Tel. Co. v. Simpson, 73 Texas, 422; Tel. Co. v. Rosentreter, 80 Texas, 406; Tel. Co. v. Grimes, ante, p. 89.

The telegram in question was a "rush message," bearing unmistakable evidence of its importance, and if it did not directly indicate the relationship of the parties, it was amply sufficient to put the company upon inquiry in this particular. Tel. Co. v. Moore, supra.

We think that the present case differs somewhat in principle from the case of Rowell v. Telegraph Company, 75 Texas, 26, and Telegraph Company v. Kirkpatrick, 76 Texas, 217, which may have possibly influenced the decision of the District Court.

We conclude that the judgment ought to be reversed and the cause remanded.

*Reversed and remanded.*