WESTERN UNION TELEGRAPH CO. v. H. H. WARD AND ANNIE WARD.

(No. 7324.)

APPEAL from Bell County. Opinion by DAVIDSON, J.

FIELD & HOMAN, counsel for appellant.

BELL & DRANE, counsel for appellees.

§ **317.** *Telegraph companies; notice to of importance of prompt transmission and delivery of message not necessary, when.* This was a suit brought by appellees against appellant for damages for recklessly, carelessly and negligently failing to deliver a telegram in the following words: "Belton, Texas, January 17, 1890. To Mrs. Annie Ward, Brownwood: Minnie died to-day at 6 P. M. [Signed.] W. R. WARD." W. R. Ward was the brother of appellee H. H. Ward, and Minnie, the deceased, was the sister of Annie Ward, the other appellee. The facts show that these appellees resided within half a mile of the telegraph office in Brownwood and that the telegram could have been delivered to them in half an hour after its receipt in Brownwood. It was received at Brownwood at 7:50 on the day it was sent, but was not delivered until 9 o'clock on the morning of January 18, and too late for the sister, Mrs. Annie Ward, to attend the funeral of her deceased sister. The damages claimed were $750 actual and $250 exemplary damages.

Defendants answered by general demurrer and general denial, and they also specially pleaded no written notice of plaintiffs' claim to have been given the defendant company within sixty days after the receipt of the message. At the trial plaintiffs recovered $500 actual and $250 exemplary damages, besides the twenty-five cents for the transmission of the message, but they remitted all but the $500 actual damages.

Appellant's first assignment of error is the action of the court in overruling his demurrer to the petition, because there is no allegation in the petition that defendant, at the time the message was sent, had any notice as to what action the parties to whom the message was sent expected to take in reference to the subject-matter of said message.

In the case of The Western Union Telegraph Co. v. Adams, 75 Tex. 535, Judge Henry says, speaking of telegraphic messages: "When such communications relate to sickness and death there accompanies them a common-sense suggestion that they are of importance, and that the persons addressed have in them a serious interest.

"It would be an unreasonable rule, and one not comporting with the use of the telegraph, to hold that the dispatcher will be released from diligence unless the relations of the parties concerned, as well as the nature of the dispatch, are disclosed.

"When the general nature of the communication is disclosed by its terms, instead of requiring the sender to communicate to the unwilling ears of the busy operator the relationship of the parties concerned, a more reasonable rule will be, when the receiver of the dispatch desires information about such matters, for him to obtain it from the sender, and if he does not do so to charge his principal with the information that inquiries would have developed." We are of opinion that the demurrer was properly overruled.

We are of opinion that the charge of the court correctly presented the law of the case and is not obnoxious to the hypercritical objections urged to it in the brief for appellant.

There was no exception taken to the admission of the testimony at the trial and defendant cannot be heard to complain, as he seeks to do with regard to the testimony of W. R. Ward, as to what he told the agent at the time he delivered the message to be sent by him to appellee; but if there was error in the admission of this testimony it was harmless error, because, as we have seen, in the language quoted from the Telegraph Co. v. Adams, *supra*, the sender of the message under the circumstances of this case did not have to notify the operator of any facts concerning the relationship of the parties or the reasons why it was important that the message should be promptly delivered. The message itself put the operator upon notice of all that it was necessary for him to know.

June 15, 1892.                              Affirmed.