WESTERN UNION TELEGRAPH CO. V. BARNEY HALE.

No. 843.

1.  **Telegraph Company—To Whom Liable for Non-Delivery of Message—Beneficiary.**

Where the addressee of the message is not a party to the contract for sending it, he must be a beneficiary therein in order to be entitled to recover for negligence in its delivery, and cannot recover where the message is solely for the benefit of the sender.

2.  **Same—Fact Case.**

By reason of the negligent failure of a telegraph company to deliver a message to plaintiff, informing him of the sickness of his brother, and asking him to come at once, plaintiff was prevented from seeing his brother before death. The evidence showed that the message was prompted by mutual affection between the brothers, and was also sent to secure plaintiff's services as a nurse. Held, that plaintiff was a beneficiary in the message, and entitled to recover.

APPEAL from Dallas. Tried below before Hon. EDWARD GRAY.

*Field, Brown & Camp,* for appellant.—Plaintiff being the addressee of the message, cannot maintain this action without averment and proof of some actual pecuniary injury sustained thereby, unless the party sending the message acted as agent of, or for the benefit of the party addressed. Railway v. Levy, 59 Texas, 563; Stuart v. Tel. Co., 66 Texas, 580; Tel. Co. v. Adams, 75 Texas, 531; Tel. Co. v. Fregles, 75 Texas, 537; Tel. Co. v. Moore, 75 Texas, 66; Tel. Co. v. Grimes, 82 Texas, 89; Tel. Co. v. Beringer, 84 Texas, 39.

*Thomas & Turney* and *J. D. Foraker,* for appellee.—Appellee is the beneficiary in the contract by which appellant, for value, agreed with Salina Hale to deliver the message to appellee, and is entitled to sue upon it. Tel. Co. v. Coffin, 30 S. W. Rep., 896; Tel. Co. v. Jones, 81 Texas, 273; Tel. Co. v. Beringer, 84 Texas, 39; Martin v. Tel. Co., 1 Texas Civil App., 150; Spann v. Cochran & Ewing, 63 Texas, 240; Tel. Co. v. Adams, 75 Texas, 535; Stuart v. Tel. Co., 66 Texas, 585; Tel. Co. v. Levy, 59 Texas, 566; Tel. Co. v. Evans, 21 S. W. Rep., 267.

FINLEY, ASSOCIATE JUSTICE.—This suit was instituted by appellee to recover damages of the telegraph company on account of mental suffering occasioned by a negligent failure to deliver a telegram announcing the serious illness of his brother, Allen Hale, through which negligence he was deprived of the privilege and consolation of being with his brother during his last illness and before his death.

The trial resulted in a verdict and judgment for the plaintiff in the sum of $400.

The facts established upon the trial are as follows:

1. February 10, 1891, Mrs. Salina Hale delivered to the defendant the following telegram to be transmitted to the addressee:

"Cedar Hill, February 10, 1891.

"To Barney Hale, Grand Prairie.—Come at once; Allen is very low. (Signed)   SALINA."

The charges for this telegram were paid for by a friend of the family, Mr. Emmerson, the telegraph agent, and the message was duly transmitted from the sending office, via Dallas.

2.   Through negligence of the defendant, the message was never delivered; it reached Dallas, but was never sent forward from that office.

3.   Barney Hale, the addressee, and Allen Hale were brothers, and were devotedly attached to each other.   At the time the message was sent; Allen Hale was seriously ill, from which illness he died on the morning of February 12, 1891.   Barney Hale did not learn of the serious illness of his brother until after his death, and went to him on the night of the 12th of February, and was present at his burial.   Had the message been delivered promptly on the evening of February 10th, or on the morning of the 11th, Barney Hale would have been with his brother in two or three hours thereafter.   Allen Hale was conscious until a short time before his death, and repeatedly made anxious inquiries about the coming of his brother, Barney, sending the children to the door to watch for his coming.

4.   The sendee of the telegram was the wife of Allen Hale, whose given name was Salina.   The agent of defendant at the receiving office was fully apprised of the relation of the parties and of the desperate illness of Allen Hale.

5.   The telegram was sent by Mrs. Salina Hale, at the request of her husband, Allen Hale.   She testified, that "Allen Hale wanted his brother Barney all the time, and at his request I caused the telegram to be written and sent."   *   *   *   "All through the night before he died and the day before, Allen kept asking over and over again if Barney had come.   He told the children several times to look and see if Barney was coming;   he seemed all the time to want to see him.   He had four other brothers, but seemed only to want to see Barney;   he and Barney were as devoted to each other as any two brothers ever were."

Barney Hale testified:   "Allen's wife said he wanted to see me, and wanted me to come and wait on him, as I was a good nurse, and he wanted me to wait on him."   The evidence leads to the conclusion that both Allen Hale, the deceased, and Barney Hale, were beneficiaries in the message, and each interested in its transmission and prompt delivery.

6.   Barney Hale was greatly grieved at being deprived of being with his brother in his dying illness, and the amount of damages awarded are justified by the facts of the case as shown by the evidence.

*Conclusions of Law.*—There are several assignments of error presented in the brief of appellant, but counsel for appellant, Judge Fields, in his oral presentation of the case to this court, admitted that the telegraph company received the telegram, that it was negligent in not de-

livering it, and that appellee is entitled to recover the amount awarded by the verdict, unless his right to do so was defeated by the evidence showing that he was not a beneficiary in the telegram. We will, therefore, not discuss the several assignments, but confine ourselves to the proposition made. The proposition is fairly raised by appellant's fifth assignment of error, which is as follows:

"The verdict of the jury is against the evidence, in this, the undisputed evidence was that the message was sent at the instance of, and for the benefit of Allen Hale."

The same question is raised under a different assignment, based upon the refusal of a requested instruction, "that if they find from the evidence that the telegraph message was sent for the benefit and in the interest of Allen Hale, they will find for the defendant."

The legal proposition insisted upon is, that appellee not being a party to the contract, must have been a beneficiary therein in order to be entitled to recover. This legal proposition is well founded; and if the evidence in the case shows, as contended, that Allen Hale was the sole beneficiary of the contract, then appellee had no right to sue and recover for the breach of the contract. Such is the effect of our decisions. Telegraph Co. v. Levy, 59 Texas, 566; Stuart v. Telegraph Co., 66 Texas, 585; Telegraph Co. v. Adams, 75 Texas, 535; Telegraph Co. v. Jones, 81 Texas, 273; Telegraph Co. v. Berringer, 84 Texas, 39.

The message upon its face indicates that it was intended for the benefit of the addressee. It bore to him the sad intelligence of the serious illness of his brother, and was accompanied by the request to "come at once." The face of the message furnished all the proof necessary to show that Barney Hale was a beneficiary in the contract. Martin v. Telegraph Co., 1 Texas Civ. Apps., 150.

Is there anything in the evidence to destroy this presumption, naturally arising from the message itself? As has been recited, Mrs. Hale testified that she caused the telegram to be sent at the request of her husband; this testimony certainly does not show that Barney Hale was not interested in receiving the telegram, and that the telegram was not intended for his benefit. Barney Hale testified: "Allen's wife said he wanted to see me, and wanted me to come and wait on him, as I was a good nurse." This evidence shows that Allen Hale was anxious to have Barney with him, and tends to show that he desired his brother's tender nursing; but it does not show by any means that the sole purpose of sending the telegram was to secure Barney's presence as a nurse. The evidence is convincing to our minds that the request made by him was prompted by the affection he entertained for his brother, and the knowledge of a reciprocal regard on the part of his brother for him. They were each to be benefited by the delivery of the message; Allen by having Barney with him and receiving his affectionate attentions; and Barney by being able to be present with his dying brother, and rendering him the services prompted by brotherly love. This is our view of the evidence, and we think the verdict was fully warranted by it.

We find no errors committed on the trial for which the judgment should be reversed.

Judgment affirmed.

*Affirmed.*