WESTERN UNION TELEGRAPH CO. v. DANIELS et ux.

(Court of Civil Appeals of Texas. Austin. Nov. 27, 1912. Rehearing Denied Jan. 22, 1913.)

1. TELEGRAPHS AND TELEPHONES (§ 38*)— ACTIONS FOR DELAY—EVIDENCE—NOTICE OF RELATIONSHIP.

A telegraph message reading, "Mother is very low," is sufficient, on its face, to put the company upon notice of the relationship between the person referred to and the addressee of the message, so as to render the company liable for its negligent delay.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 33; Dec. Dig. § 38.*]

2. TELEGRAPHS AND TELEPHONES (§ 66*) — ACTIONS FOR DELAY—EVIDENCE.

In an action against a telegraph company for damages for the failure to deliver a telegram in time, so that the addressee was prevented from reaching her mother before her death, where the company claimed that she should have taken an earlier train than she did, evidence of the reasons for her delay are admissible.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 61–63; Dec. Dig. § 66.*]

3. TELEGRAPHS AND TELEPHONES (§ 71*) — ACTIONS FOR DELAY—DAMAGES.

In an action against a telegraph company for damages from its negligent delay in the transmission of a message, which prevented the addressee from reaching her mother before the latter's death, where it was shown that the defendant was guilty of negligence, and that the plaintiff took the first train which was reasonably possible and suffered serious mental anguish, an award of $850 damages is not excessive.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 74; Dec. Dig. § 71.*]

Error to District Court, Williamson County; Chas. A. Wilcox, Judge.

Action by R. F. Daniels and wife against the Western Union Telegraph Company. There was a judgment for plaintiffs, and defendant brings error. Affirmed.

Geo. H. Fearons, of New York City, and L. A. Hill, of Austin, for plaintiff in error. W. K. Makemson and John D. Hudson, both of Georgetown, for defendants in error.

KEY, C. J. R. F. Daniels and his wife, Husie Daniels, brought this suit against the Western Union Telegraph Company for damages alleged to have resulted from the failure to transmit and deliver in proper time a telegraphic message, which read as follows: "Comanche, Texas, 2/19/1911. To Husie Daniels, Round Rock, Texas: Mother is very low. [Signed] H. E. Yarbrough." The person referred to in the telegram was Mrs. Daniels' mother. According to the plaintiffs' testimony, the message was not delivered until 9 o'clock the next morning. There were two passenger trains passing Round Rock that day going north, one at 11:18 a. m. and the other late at night. Mrs. Daniels left on the night train, and did not reach Comanche until the following day, and after the death and burial of her mother.

In addition to a general denial and a special plea of diligence upon its part, the defendant charged that Mrs. Daniels was herself guilty of negligence in not going on the first train, and was therefore not entitled to recover damages.

The trial court submitted the case to the jury under an admirable charge, which stated the questions of law correctly, and then specifically submitted to the jury the different questions of fact about which there was any controversy. A verdict was rendered for the plaintiffs for $850, and from the judgment rendered thereon the defendant prosecutes a writ of error.

[1] The brief submitted on behalf of plaintiff in error is voluminous, and indicates considerable industry and research; but the questions of law presented are few and free from difficulty. That the message was sufficient, upon its face, to put the defendant upon notice of the relationship existing between Mrs. Daniels and the person mentioned therein is now the established law of this state. Western Union Telegraph Co. v. Adams, 75 Tex. 531, 12 S. W. 857, 6 L. R. A. 844, 16 Am. St. Rep. 920; Western Union Telegraph Co. v. Goldwire, 152 S. W. 503, de-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

cided by this court November 20, 1912. Besides, H. E. Yarbrough, the sender of the message, testified that when he delivered it to defendant's agent and made the contract for sending it he told the agent that he was sending the message to his sister; and the message showed on its face that the person mentioned as being very low was the mother of H. E. Yarbrough.

[2] The defendant objected to the plaintiffs' introducing testimony for the purpose of showing that Mrs. Daniels had an infant only six months old, which it was necessary for her to prepare and carry with her; that she did not have any money, and, in order to obtain funds with which to make the journey, she had to send for her husband, who was off at work, and that he, not having the money himself, had to go to some other parties in the town of Round Rock in order to procure the necessary amount of money. This, and other testimony of a similar character, was objected to upon the ground that the defendant had no notice of the matters which the testimony tended to prove. The objection was properly overruled. Whether or not Mrs. Daniels exercised proper diligence when she failed to start on the first train and started on the second one was an issue in the case; and therefore it was proper to show the circumstances by which she was surrounded. If, considering all those circumstances, she exercised as much diligence as a person of ordinary prudence would have done under like circumstances, then she was not guilty of negligence, and it was not her fault that she did not leave on the first train; but if she failed to exercise such diligence she was guilty of negligence in that respect; and it is wholly immaterial that the defendant had no notice of the circumstances by which she was surrounded. The testimony referred to had no bearing upon the measure of damages, and was not offered for that purpose; and therefore its admissibility was not dependent upon any question of notice.

There are some other minor points which we deem it unnecessary to discuss in this opinion. They have all been considered, and are decided against the plaintiff in error.

[3] The verdict of the jury was supported by testimony, and therefore we find as facts: First, that the defendant in the court below was guilty of negligence and breached the contract, as charged in the plaintiffs' petition; second, that the plaintiffs were not guilty of negligence, as charged in the defendant's answer; and, third, that, as a result of defendant's negligence, Mrs. Daniels suffered serious mental anguish; and we hold that the amount awarded by the verdict is not so large as to justify this court in declaring it to be excessive.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.